UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00368-H

GARY SCOTT SETTLES                                                  PLAINTIFF

V.

KEVIN O. MCKINNEY, *et al.*                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion to dismiss the amended complaint of Plaintiff, Gary Scott Settles.[1] Plaintiff's action arises from the circumstances of his arrest by officers of the Louisville Metro Police Department ("LMPD") on July 20, 2011. The Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and gave Plaintiff leave to file an amended complaint. Several claims that Plaintiff advances under 42 U.S.C. § 1983 remain: excessive force, failure to intervene, illegal search, false arrest, and failure to train. *See* ECF No. 17. The Court has now been fully briefed and will evaluate Defendants' motion to dismiss Plaintiff's entire amended complaint.

I.

In its initial screening, the Court outlined Plaintiff's account of the July 20, 2011 incident that occurred between Plaintiff and the LMPD. *See* ECF Nos. 9, 17. The Court incorporates

---

[1] Defendants Mayor Greg Fischer, former LMPD Chief Robert White, and LMPD Assistant Chief Kenton Buckner, in their official capacities, and Michael Fowler, Erin Redfield, and Keith Walz, in their individual and official capacities, moved to dismiss the complaint. ECF No. 42. Thereafter, Defendants Chauncey Carthan, Kevin McKinney, Richard Pearson, and Antoine Frye moved to join in the motion to dismiss. ECF No. 60. The Court granted the joinder motion. ECF No. 64. The following Defendants have not made an appearance in this motion to dismiss briefing: Steven Healey, Brian Wright, Aaron Browning, Brian Sherrard, Andre Bottoms, Lieutenant J.T. Duncan, Andrew Eichberger, Lee, William LeFlore, Barron Morgan, Jimmy Harder, and Darron Stone. Plaintiff's amended complaint identifies these Defendants as various personnel within the LMPD. ECF No. 11. Because these individuals are similarly situated and for judicial economy purposes, the Court will address the motion to dismiss as to all Defendants.

1

those fact sections here and will briefly summarize facts of particular relevance to the Court's present order.

According to Plaintiff, on July 20, 2011, he was driving his motorcycle with a passenger. Unmarked LMPD police cars approached him, causing him to exit the motorcycle to avoid being hit. Defendant McKinney "handcuffed and then struck [him] in the left rear of [his] head" with a pistol. Defendants McKinney and Wright intentionally placed him on the hot asphalt under an idling vehicle, exposing him to exhaust fumes that burned his eyes, skin, and lungs. Other named officers watched and covered up McKinney and Wright's actions. Plaintiff was then transported to the hospital, where he received medical attention. During the incident, Plaintiff "did not flee from any person identifiable as a police officer," resist arrest, or possess a machine gun and silencer. Defendants Healey and Redfield then conducted an illegal search of a residence without a warrant or consent.

Plaintiff further contends that various individuals, including the police chief and the mayor, are responsible for failing to train the officers and for "maintain[ing] a policy of cover[ing] up actions of their officers." Police later knowingly brought false charges against Plaintiff for fleeing and eluding police, wanton endangerment, resisting arrest, possession of a machine gun and silencer, and trafficking of a controlled substance.

The Court now takes judicial notice of the indictment and judgment of conviction presented by Defendants.[2] ECF Nos. 42(3), 42(6). Plaintiff was indicted on the charges of

---

[2] In general, when a court is presented with matters outside the pleadings on a Rule 12(b)(6) motion to dismiss, the court must either exclude the materials or convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d). The Sixth Circuit, however, takes "a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." *Armengau v. Cline,* 7 F. App'x 336, 344 (6th Cir. 2001) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (*abrogated on other grounds by Swierkiewicz v. Sorema N. A.,* 534 U.S. 506 (2002)). Courts may consider matters of public record or otherwise appropriate for the taking of judicial notice under Federal Rule of Evidence 201. *See Jackson,* 194 F.3d at 745. Here, the Court declines to convert the motion into one for

Trafficking a Controlled Substance in the First Degree while in Possession of a Firearm, Possession of a Handgun by a Convicted Felon, Wanton Endangerment in the First Degree, Fleeing or Evading Police in the First Degree, Resisting Arrest, and Illegal Use or Possession of Drug Paraphernalia. ECF No. 42(3). Plaintiff pleaded guilty to Possession of a Controlled Substance in the First Degree, Fleeing or Evading Police in the Second Degree, Wanton Endangerment in the First Degree, Illegal Use or Possession of Drug Paraphernalia, and Resisting Arrest. ECF No. 42(6). On July 2, 2012, Plaintiff filed the instant action.

II.

Pursuant to 42 U.S.C. § 1983, Plaintiff advances claims for various constitutional violations: 1) excessive force against Defendants McKinney and Wright, in their individual and official capacities; 2) failure to intervene against Defendants McKinney, Healey, Wright, Carthan, Browning, Sherrard, Fowler, Bottoms, Duncan, Eichberger, Frye, Lee, LeFlore, Morgan, and Walz, in their individual and official capacities; 3) illegal search and seizure against Defendants Healey and Redfield, in their individual and official capacities; 4) false arrest against Defendants McKinney, Healey, Sherrard, and Wright, in their individual and official capacities; and 5) failure to train against Defendants Harder, Stone, Pearson, Buckner, White, and Fischer, in their official capacities. ECF No. 17.

Defendants move the Court to dismiss all these claims. ECF No. 42. When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff" and "accept all well-pleaded factual allegations as true." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP,* 622 F.3d 471, 477 (6th Cir. 2010). The Court will draw

---

summary judgment and takes notice of the indictment and judgment of conviction, as they are "not subject to reasonable dispute." Fed. R. Evid. 201(b).

all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Fabian v. Fulmer Helmets*, *Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp.*, 550 U.S. at 556). "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). But the Court is not required to "create a claim" for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

III.

The Court will first address the constitutional claims against Defendants in their individual capacities. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1998)). Plaintiff's surviving claims arise out of the Fourth Amendment. Defendants do not dispute that they were acting under the color of law.

Defendants seek dismissal on the sole ground that Plaintiff's various convictions bar his claims under *Heck*. *Heck v. Humphrey*, 512 U.S. 477 (1994). Because of this, the Court's analysis will only address dismissal on this ground.[3]

In *Heck*, the Supreme Court held that

---
[3] Defendants seem to raise the issue of qualified immunity in their reply to Plaintiff's response to Defendant's motion to dismiss. *See* ECF No. 65. Because neither party has briefed the issue fully, the Court will not address this argument.

4

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486−87. Plaintiff's convictions have not been reversed or otherwise invalidated. Defendants argue that Plaintiff's claims are barred because he was "convicted of the charges stemming from" the incident on which he bases his § 1983 claims. ECF No. 42. However, the Sixth Circuit has clearly stated that a more precise inquiry is required, whereby "the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." *Schreiber v. Moe*, 596 F.3d 323, 334 (quoting *Swiecicki v. Delgado,* 463 F.3d 489, 493 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato,* 549 U.S. 384 (2007)). That is, "[t]he mere fact that the conviction and the § 1983 claim arise from the same set of facts is irrelevant if the two are consistent with one another." *Id.* The *Heck* doctrine applies only where a § 1983 claim would *necessarily* imply the invalidity of the conviction. *See Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

A.

Plaintiff claims that Defendants McKinney and Wright violated his Fourth Amendment right to be free from the use of excessive force. Defendants argue that Plaintiff's conviction for resisting arrest bars this claim. *See* ECF No. 42. In *Schreiber*, the Sixth Circuit considered whether *Heck* applied to an excessive force claim by a Plaintiff previously convicted of resisting arrest. 596 F.3d at 334. The Court explained that generally, such a conviction does not bar an excessive force claim. *See id*. However, there are two circumstances in which such a claim

5

might conflict with a conviction: "when the criminal provision makes lack of excessive force an element of a crime . . . [and] when excessive force is an affirmative defense to the crime." *Id.*

In Kentucky, neither lack of excessive force nor lawful arrest is an element of resisting arrest.[4] *See Donovan v. Thomas*, 105 F.3d 291, 298 n.8 (6th Cir. 1997). Therefore, lack of excessive force was not necessary to uphold the judgment. However, excessive force *is* a defense to resisting arrest in Kentucky. The commentary to Kentucky Revised Statute § 520.090 provides: "the unlawfulness of an arrest may not be raised as a defense to a prosecution under this section." Ky. Rev. Stat. Ann. § 520.090. But such defense *will* be permitted "when the person effecting an arrest cannot be identified as a peace officer" or "where the officer used more force than is reasonably necessary to effect the arrest so that his conduct constitutes an assault on the person arrested." *Id.* Plaintiff asserts that he did not know McKinney and Wright were police officers and that they used more force than necessary to effect the arrest. *See* ECF No. 11. A favorable judgment on a § 1983 claim based on excessive force could therefore provide a defense to the crime of resisting arrest under Kentucky law as to the force exerted to effectuate the arrest.

However, "[a]n excessive force claim is not barred when the alleged use of force occurred *after* the suspect was handcuffed and brought under control." *Matheney v. Cookeville, Tenn.* 461 Fed. Appx. 427, 431 (6th Cir. 2012). Plaintiff alleges that he was handcuffed and subsequently sustained injuries at the hands of the officers. This force would not be "inextricably intertwined" with Plaintiff's resistance to arrest. *Id.* A jury could find that the

---

[4] Kentucky Revised Statute § 520.090(1) states:
(1) A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a peace officer, recognized to be acting under color of his official authority, from effecting an arrest of the actor or another by: (a) Using or threatening to use physical force or violence against the peace officer or another; or (b) Using any other means creating a substantial risk of causing physical injury to the peace officer or another.

arrest was effectuated at the time Plaintiff was handcuffed, thereby leaving Plaintiff's claim undisturbed.

Based on the foregoing, the Court will not dismiss Plaintiff's claim of excessive force against McKinney and Wright.

B.

Plaintiff alleges that Defendants McKinney, Healey, Wright, Carthan, Browning, Sherrard, Fowler, Bottoms, Duncan, Eichberger, Frye, Lee, LeFlore, Morgan, and Walz failed to intervene when witnessing excessive force being used against Plaintiff by McKinney and Wright. The elements of the failure to intervene are "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

Defendants argue that Plaintiff's failure to intervene claims should be dismissed as a result of the dismissal of Plaintiff's excessive force claims. *See* ECF No. 42. Defendants contend that Plaintiff's guilty plea establishes that the officers did not use excessive force, so the first prong of the failure to intervene test cannot be met. *See id.* Based upon the Court's previous analysis, Plaintiff's excessive force claims are not barred under the *Heck* doctrine, and Plaintiff's guilty plea fails to establish that the officers did not use excessive force. Therefore, Defendants' argument fails, and Plaintiff's failure to intervene claim against all named Defendants remain.

C.

Plaintiff advances a claim against Defendants Healey and Redfield for violating his Fourth Amendment right to be free from unreasonable search and seizure. Plaintiff claims that

7

these officers illegally searched a residence at 2309 Dexter Street, Louisville, Kentucky 40216. Defendants argue that Plaintiff's claim is barred under the *Heck* doctrine because "the methamphetamine found at the residence was used to support his conviction of possession of a controlled substance methamphetamine." ECF No. 42.

Defendants' argument fails because Plaintiff's claim does not necessarily imply the invalidity of his conviction. Plaintiff asserts that all of the methamphetamine found during the incident was seized from his motorcycle, not the residence. *See* ECF No. 43. Accepting this as true, there is no factual overlap between his conviction and the current charge. In addition, the Sixth Circuit has stated that § 1983 search and seizure claims are generally not barred under *Heck*. Possession-related convictions would not necessarily be impugned because of doctrines like independent source and inevitable discovery, which provide avenues around the exclusionary rule. *See Heck*, 512 U.S. at 487 n.7.

Therefore, the Court will not dismiss Plaintiff's illegal search and seizure claims.

D.

Plaintiff brings a claim for wrongful arrest against Defendants McKinney, Healey, Sherrard, & Wright. Defendants argue that "since Plaintiff's conviction has not been invalidated, his constitutional claim of false arrest is not cognizable." ECF No. 42. False arrest is the intentional arrest of a person without probable cause, defined as "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [arrestee] had committed or was committing an offense." *Butts v. City of Bowling Green*, 374 F. Supp. 2d 532, 541 (W.D. Ky. 2005) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

The Western District of Kentucky has explained, "pleading guilty to a criminal charge estops the plaintiff from challenging probable cause for the arrest for that violation for purposes of a section 1983 claim." *Goins v. City of Shively*, 3:10-CV-386-S, 2011 WL 2610519 (W.D. Ky. July 1, 2011) (quoting *Helfrich v. City of Lakeside Park,* No.2008–210(WOB), 2010 WL 3927475 at *1 (E.D. Ky. Oct. 4, 2010). Plaintiff claims he was falsely arrested for fleeing and eluding police, wanton endangerment, resisting arrest, possession of a machine gun and silencer, and trafficking of a controlled substance. Plaintiff pleaded guilty to three of these offenses. *See* ECF No. 42(6). Under *Heck*, Plaintiff's plea precludes any false arrest claim he has premised on that arrest.[5]

Therefore, the Court will dismiss Plaintiff's false arrest claim as to all named Defendants.

IV.

The Court will now address the constitutional claims against Defendants in their official capacities. As a threshold matter, "[s]uing a government employee in his official capacity 'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.'" *Baar v. Jefferson Cnty. Bd. of Educ.*, 686 F. Supp. 2d 699, 704 (W.D. Ky. 2010) *aff'd*, 476 F. App'x 621 (6th Cir. 2012) (quoting *Ky. v. Graham*, 473 U.S. 159, 165−66 (1985)).

---

[5] Specifically, Plaintiff pleaded guilty to offenses including fleeing and eluding police, wanton endangerment, and resisting arrest. At least one court has found that when a § 1983 Plaintiff states that his or her false arrest claim is premised on an arrest for a charge that is later dismissed rather than one for which he or she pleaded guilty, the false arrest claims can be bifurcated. *See Goins v. City of Shively*, 3:10-CV-386-S, 2011 WL 2610519 (W.D. Ky. July 1, 2011) (*Heck* did not bar Goins's false arrest claim premised on his arrest for driving under the influence, a charge which was later dismissed, but such a claim premised on his arrest for disorderly conduct, a charge to which he pleaded guilty, would have been barred). However, the claims will not be bifurcated if the Plaintiff's alleged offenses "were all related and based on the same unbroken chain of events occurring close in time." *Helfrich v. City of Lakeside Park*, CIV.A. 2008-210 WOB, 2010 WL 3927475 (E.D. Ky. Oct. 4, 2010). The Court need not make this determination because Plaintiff failed to plead that his false arrest is not based on a charge for which he was convicted.

9

"In evaluating a § 1983 claim against a municipality, courts must analyze two distinct issues: 1) whether a constitutional violation caused plaintiff's harm, and 2) if so, whether the municipality is responsible for that constitutional violation." *Scherzinger v. Bolton*, 3:11-CV-00011-H, 2013 WL 3821734 (W.D. Ky. July 23, 2013) (citing *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120 (1992)). Defendants argue only that because all claims should be dismissed against them in their individual capacities, relief against Defendants in their official capacities is precluded as well. At this point at least, because some claims against Defendants in their individual capacities are not dismissed, Defendants' argument fails.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED IN PART and Plaintiff's claims for false arrest against Defendants, in their individual and official capacities, are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Defendants' motion to dismiss is DENIED IN PART as to the following claims:

1) Excessive force claims against Defendants McKinney and Wright, in their individual and official capacities;

2) Failure to intervene claims against Defendants McKinney, Healey, Wright, Carthan, Browning, Sherrard, Fowler, Bottoms, Duncan, Eichberger, Frye, Lee, LeFlore, Morgan, and Walz, in their individual and official capacities;

3) Illegal search claims against Defendants Healey and Redfield, in their individual and official capacities;

4) Failure to train claims against Defendants Harder, Stone, Pearson, Buckner, White, and Fischer, in their official capacities.

IT IS FURTHER ORDERED that Defendants' motion to stay discovery pending resolution of the Defendants' motion to dismiss (ECF No. 66) is MOOT.

cc: Counsel of Record